UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FINANCIAL FEDERAL CREDIT, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-09-2956 |
| NE RENTALS INCORPORATED, D&D ENTERPRISES, INC., and RAYMOND J. DELMONICO, Defendants. | § § § § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Raymond J. Delmonico's ("Delmonico")[1] Motion to Dismiss or Transfer to the United States District Court for the District of Massachusetts [Docs. # 7, # 9] (" Motion"). Plaintiff has responded [Doc. # 11], and the motion is ripe for decision. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that the Motion should be denied because Delmonico consented to the exclusive jurisdiction and venue of any court in Harris County, Texas, through the execution of several contracts containing valid forum selection clauses.

---

[1] Delmonico proceeds *pro se.*

## I.     FACTUAL BACKGROUND

This is an action seeking recovery on installment sales contracts and related loan documents.  The record shows that Defendant Delmonico, as President of NE Rentals Incorporated ("Rentals"), entered into two installment sales contracts, dated March 21, 2007 and October 31, 2007, with Woodco Machinery, Inc. ("Woodco").[2] The contracts list Massachusetts addresses for both Rentals and Woodco.[3] Contemporaneously with their execution, Woodco assigned both installment sales contracts, which totaled $578,316, to FFCI.[4]  Delmonico also signed two guaranty agreements with FFCI, dated March 21, 2007, guaranteeing Rentals obligations to FFCI on a continuing basis.[5]  Delmonico executed one of the guaranty agreements in his personal capacity, and one as a representative of D&D Enterprises, Inc. ("Enterprises").[6]  Additionally, in an agreement dated July 7, 2004, Delmonico, acting

---

[2]    *See* Installment Sale Contract, Exh. A to Affidavit of Andrew G. Remias ("Remias Affidavit") [Doc. # 11-3], at 10 of 35; Installment Sale Contract, Exh. B to Remias Affidavit, at 14 of 35.

[3]    *Id.*

[4]    Assignment, Exh. A to Remias Affidavit.

[5]    *See* Guaranty Agreements, Exh. D to Remias Affidavit.

[6]    *Id.*

on behalf of Enterprises, granted a security interest to FFCI.[7]  The guaranty and security agreements each list a New Jersey address for FFCI.

Delmonico is the sole officer and stockholder of both Enterprises and Rentals.[8]

Significantly, the installment sales contracts, guaranty agreements, and security agreement *each* contain a forum selection clause.  The installment sales contracts contain the following clause:

> BUYER . . . AGREES TO THE EXCLUSIVE JURISDICTION AND VENUE OF ANY COURT LOCATED IN HARRIS COUNTY, TEXAS, REGARDING ANY DISPUTE WITH HOLDER OR ANY OF HOLDER'S OFFICERS, DIRECTORS, EMPLOYEES OR AGENTS, INCLUDING WITHOUT LIMITATION ANY MATTER RELATING TO OR ARISING UNDER THIS OR ANY OTHER EXISTING OR FUTURE AGREEMENT WITH HOLDER, PROVIDED THAT HOLDER MAY BRING SUIT IN ANY OTHER COURT HAVING JURISDICTION; WAIVES ANY OBJECTION BASED ON <u>FORUM NON CONVENIENS</u> AND ANY OBJECTION TO VENUE OF ANY SUCH ACTION OR PROCEEDING; WAIVES THE RIGHT TO TRANSFER THE VENUE OF ANY SUCH ACTION OR PROCEEDING . . . .[9]

The guaranty agreements contain a similar clause:

> GUARANTOR DOES HEREBY AGREE TO THE EXCLUSIVE

---

[7] Security Agreement, Exh. C to Remias Affidavit, at 18-20 of 35.

[8] Affidavit of Raymond J. Delmonico ("Delmonico Affidavit") [Doc. # 10], ¶ 2, at 5 of 5.

[9] *See* Installment Sale Contract, Exh. A to Remias Affidavit, at 11 of 35 (emphasis in the original); Installment Sale Contract, Exh. B to Remias Affidavit, at 15 of 35 (emphasis in the original).

> JURISDICTION AND VENUE OF ANY COURT LOCATED IN HARRIS COUNTY, TEXAS, REGARDING ANY MATTER ARISING HEREUNDER. . . . GUARANTOR WAIVES ANY OBJECTION BASED ON <u>FORUM NON CONVENIENS</u> AND ANY OBJECTION TO VENUE OF ANY SUCH ACTION OR PROCEEDING; WAIVES THE RIGHT TO TRANSFER THE VENUE OF ANY SUCH ACTION OR PROCEEDING . . . .[10]

The security agreement also contains a forum selection clause establishing exclusive jurisdiction and venue in any court in Harris County, Texas, and waving any right to object to, or seek transfer of, venue.[11]

In April and November of 2007, FFCI sent, by certified mail, letters confirming the installment sales contracts to Rentals.[12] Each letter, which lists a New Jersey address for FFCI, contained a copy of the relevant contract. The confirmation letters instructed Rentals to note any discrepancies in the enclosed contracts. FFCI states that it did not receive any communication from Rentals or Delmonico disputing any terms set forth in the contracts.[13] Similarly, in April 2007, FFCI sent, by certified mail, confirming letters to Delmonico and Enterprises following their execution of

---

[10] *See* Guaranty Agreements, Exh D to Remias Affidavit, at 22, 24 of 35 (emphasis in the original).

[11] Security Agreement, Exh. C to Remias Affidavit, at 19 of 35.

[12] *See* Confirmation Letters, Exh. E to Remias Affidavit, at 27-30 of 35.

[13] Remias Affidavit, ¶ 7.

the guaranty agreements.[14] The letters confirming the guaranty agreements stated that "if there is any discrepancy between the enclosed copy of the guaranty and your understanding of your obligations as guarantor, it is imperative that you immediately advise us. . . ."[15] FFCI states, and the evidence of record confirms, that Delmonico and Enterprises did not raise any discrepancies regarding the guaranty agreements.[16]

FFCI filed the instant suit alleging that Rentals has defaulted on the installment sales contracts, and that Delmonico and Enterprises have defaulted on the guaranty agreements. Delmonico argues that the case should be dismissed on forum non conveniens grounds or for lack of personal jurisdiction.[17] In the alternative, Delmonico seeks transfer of this case for improper venue pursuant to 28 U.S.C. § 1406(a). He does not dispute, however, that he executed in a representative capacity the installment sales contracts containing the above referenced forum selection clause. Nor does he dispute that he executed the guaranty and security agreements, each of which contained similar clauses. Plaintiffs counter that

---

[14]   *See* Confirmation Letters, Exh. F To Remias Affidavit, at 32-35 of 35.

[15]   *See id.*, at 32, 33 of 35.

[16]   Remias Affidavit, at ¶ 9.

[17]   Delmonico does not expressly move for dismissal for lack of personal jurisdiction. However, much of his briefing is devoted to arguments and authorities pertaining to personal jurisdiction issues. Considering Delmonico's status as a *pro se* litigant, the Court construes his motion broadly to raise personal jurisdiction as a ground for dismissal.

Delmonico executed multiple contracts with forum selection clauses and thereby consented to exclusive jurisdiction and venue to any court in Harris County, Texas, where this Court is located. Plaintiffs also point out that Defendants expressly waived the right to object to venue or seek a transfer. Because there is no dispute that each of the relevant contracts contained a forum selection clause, the Court begins its analysis with that issue.

## II      LEGAL STANDARDS

Parties may designate by contract a forum to litigate disputes. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 588 (1991). The purpose of enforcing forum selection clauses is to encourage parties to honor their contractual obligations and to promote the use of forum selection clauses to spare the time and expense of determining the proper forum for disputes. *ABC Rental Sys., Inc. v. Colotyme, Inc.*, 893 F. Supp. 636, 638 (E.D. Tex. 1995) (citing *Carnival Cruise Lines*, 499 U.S. at 594).

Forum selection clauses are generally considered *prima facie* valid and should be enforced. *M/S/Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 10 (1972); *Seattle-First National Bank v. Manges*, 900 F.2d 795, 799 (5th Cir. 1990); *Kessman & Associates, Inc. v. Barton-Aschman Associates, Inc.*, 10 F. Supp.2d 682, 688 (S.D. Tex. 1997). The party resisting the forum selection clause must show the clause is

"unreasonable" before a court may decline to enforce the clause. *Carnival Cruise Lines*, 499 U.S. at 595; *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 220 (5th Cir. 1998). Unreasonableness may be demonstrated by "a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the [party resisting the clause] of his day in court." *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998) (quoting *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997)). "The party resisting enforcement on these grounds bears a 'heavy burden of proof.'" *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (quoting *The Bremen*, 407 U.S. at 17).

The Court is required under 28 U.S.C. § 1406(a) to either dismiss or transfer a case that is filed in the wrong venue. This section states:

> the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it would have been brought.
> 28 U.S.C. § 1406(a).

Finally, a mandatory forum selection clause shows a party's consent to personal jurisdiction in the specified forum, and, absent fraud or overreaching, courts enforce such consent. *Alliantgroup, L.P. v. Feingold*, 2009 WL 2498551, at *6 n.2 (S.D. Tex. Aug. 12, 2009) (citing *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13,

15 (5th Cir.1995)). To the extent a party has consented to personal jurisdiction in a specified forum, an analysis of the forum state's long-arm statute and the party's contacts with the forum state is unnecessary. *Id.* (citing *Elec. Realty Assoc., L.P. v. Vaughan Real Estate, Inc.*, 897 F.Supp. 521, 522-23 (D. Kan. 1995)).

### III.   ANALYSIS

#### A.   Motion to Dismiss

The Court specifically addresses at this juncture only claims against Delmonico, personally, as he, a non-lawyer,[18] cannot represent a corporation in this Court. *See, e.g.*, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").[19]

Delmonico has failed to meet his "heavy burden" to show that the forum selection clause in the guaranty agreement he executed in his personal capacity is unreasonable and should therefore not be enforced. Delmonico has only produced conclusory statements and allegations in support of his motion. He states that the case should be dismissed on forum non conveniens grounds "because the Texas

---

[18]   Delmonico's Motion provides no indication that he is a lawyer, he is not a member of the bar of this Court, and he has not sought *pro hac vice* admission.

[19]   It is noted that Plaintiffs have a default judgment pending against Rentals and Enterprises because Delmonico, individually, is the only Defendant who responded to this suit, which he did by means of this motion.

forum would be oppressive and a vexation and out of proportion to the plaintiff's convenience especially when taking into account the fraud in the inducement, undue influence, overweening bargaining power and my serious inconvenience and inability to litigate in Texas, as I cannot afford it and will be deprived of my day in court."[20] He contends that the Court's assumption of jurisdiction over him would be extraordinarily burdensome "because none of the records, files, or witnesses are located in the forum state and he cannot afford to try [the case] in Texas."[21] Delmonico also submits his sworn statement that all his dealings with FFCI were in Massachusetts, and that he has never been to Texas.[22]  Finally, Delmonico also states in his affidavit that he did not read the contracts and was never told that he was agreeing to have disputes resolved in Texas.[23]  He contends that he "was told that all disputes would be resolved in Massachusetts and [he] reasonably relied upon this to [his] detriment."[24]

The Court is not persuaded by Delmonico's self-serving statements. He has

---

[20]   Memorandum of Law Filed in Support of Motion to Dismiss ("Delmonico Mem.") [Doc. # 10], at 1 of 5.

[21]   *Id.* at 3 of 5.

[22]   Delmonico Affidavit, ¶¶ 3-4, at 5 of 5.

[23]   *Id.* ¶ 5

[24]   *Id.*

produced no evidence beyond conclusory allegations that the forum selection clause in the guaranty agreement he signed in his personal capacity was the result of fraud or overreaching, that it violates a strong public policy of this forum, or that it would deprive him of his day in court. *See Afram Carriers*, 145 F.3d at 301.

Delmonico signed five contracts containing similar forum selection clauses. The guaranty agreement that Delmonico signed in his personal capacity that is specifically at issue here is less than two pages long.[25] The forum selection clause appears on the first page in all capital letters and bold type face.[26] Significantly, a merger clause, also bolded in all capital letters, appears directly above the signature line on the top of page two. It states that the written guaranty agreement represents "THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES."[27]

Additionally, Delmonico was mailed confirmation letters following the execution of the guaranty agreements and installment sales contracts. The letters instructed him to raise any discrepancies between the copies of the contracts,

---

[25] *See* Guaranty Agreements, Exh D to Remias Affidavit, at 22-25 of 35.

[26] *Id*. at 22, 24 of 35.

[27] *Id*. at 23, 25 of 35.

including the guaranties, enclosed in those letters and the ones he signed. Delmonico did not, personally or as an officer of corporations, point out any discrepancies or otherwise object to the guaranty contract he signed in his personal capacity, or to any of the other contracts, each of which included a forum selection clause dictating courts of Harris County as a proper forum.

Delmonico may not escape the clear terms of the agreements and contracts he signed based on his professed failure to read those contracts. *See Haynsworth*, 121 F.3d at 965 (upholding a forum selection clause against a claim of fraud because the clause "was straightforward and was a prominent part of the one-and-one-half-page [contract], and the plaintiffs are presumed to have known what it said"); *see also In re Cajun Elec. Power Co-op., Inc.*, 791 F.2d 353, 359 (5th Cir. 1986) ("A person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, or that it was not explained or that he did not understand it." (internal quotation marks and citation omitted))**.** Further, in light of the forgoing unequivocal and uncontroverted evidence, including FFCI's mailing of confirmation letters that provided an opportunity to raise discrepancies in the contracts, and the presence of a merger clause providing that there are no "unwritten oral agreements between the parties," Delmonico's conclusory, one-sentence, assertion of fraud, undue influence, and overweening bargaining power, and

his statement that he was misled into believing any disputes would be resolved in Massachusetts, are insufficient to meet his "heavy burden of proof" to show that the clause is unreasonable. *See Haynsworth*, 121 F.3d at 963, 965; *see also Alternative Delivery Solutions, Inc. v. R.R. Donnelley & Sons Co.,* 2005 WL 1862631, at *10 (W.D. Tex. Jul. 8, 2005) (rejecting a claim of fraud based solely on the plaintiff's allegation that an unnamed representative of the defendant said that a forum selection clause would not be enforced because even if true, the plaintiff's reliance on a statement that was directly contradicted by the terms of the contract would be unreasonable).

Delmonico's conclusory and unsupported statements that this forum is so inconvenient that it would operate to deprive him of his day in court are also insufficient to meet his "heavy burden" to defeat the forum selection clause. *Cf. Carnival Cruise Lines*, 499 U.S. at 594 (upholding a forum selection clause when there was no evidence or findings in the record of "physical and financial impediments" that would render Washington plaintiffs unable to pursue litigation in Florida).

Moreover, Defendants point to the following uncontradicted evidence that tends to suggest that this forum is reasonably convenient:

>  (a) FFCI is a Texas Corporation; (b) The originals of each of the Loan Documents and other relevant documents are located in FFCI's home

office in Houston; (c) FFCI gave repeated notice that payments were to be made in Houston; (d) Invoices for the payments due under the Contracts were generated and mailed from FFCI's office in Houston; (e) All payments received from Rentals were deposited in FFCI's bank account in Houston.[28]

Because Delmonico has failed to show that the forum selection clause he entered into is unreasonable, the clause is valid and will be enforced. The Court holds that Delmonico has consented to both venue and jurisdiction in this forum for this dispute. Accordingly, Delmonico's Motion to Dismiss on forum non conveniens and personal jurisdiction grounds is denied.[29]

### B. Motion to Transfer

Delmonico also moves, in the alternative, to transfer this case to the District of Massachusetts pursuant to 28 U.S.C. § 1406(a). Section 1406(a) provides that a court shall dismiss, or if in the interest of justice, transfer a case in which venue is improperly laid. 28 U.S.C. § 1406(a); *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114 n.3 (5th Cir. 1996). However, as a result of the valid forum selection clause in the guaranty agreement that Delmonico signed in his personal capacity, venue for this case is proper in this Court, which is located in Harris County, Texas.

---

[28] Remias Affidavit, ¶ 11, at 7 of 35.

[29] While the Court does not have before it any comparable motions by the corporate defendants, as they have not appeared in this suit, the analysis would appear to be exactly the same for those entities.

Moreover, significantly, in each of the five contracts that Delmonico executed in either his individual or representative capacity, he expressly waived the right to seek transfer of venue. Delmonico's motion to transfer this case under § 1406(a) is therefore denied.[30]

## IV.  CONCLUSION

For the forgoing reasons, it is hereby

**ORDERED** that Delmonico's Motion to Dismiss or Transfer to the United

---

[30]   Delmonico did not move to transfer this case for the convenience of the parties under 28 U.S.C. § 1404(a), and expressly waived the right to do so in the above described contracts. However, in the interest of completeness, the Court notes that on the current record, Delmonico has not shown that transfer under § 1404(a) would be warranted. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Courts analyze pertinent private and public factors as to whether transfer would be more convenient for the parties and witnesses and in the interests of justice. *See In re Horseshoe Enter.*, 337 F.3d 429, 433-35 (5th Cir. 2003). The presence of a forum selection clause is a significant factor in determining a motion to transfer; the Court must consider the parties' convenience and fairness in light of the parties' expressed preference for the chosen forum. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988). The party seeking transfer "bears the burden of demonstrating why [he] should not be bound by [his] contractual choice of forum provision when it is deemed valid." *Tex. Source Group, Inc.*, 967 F. Supp. 234, 238 (E.D. Tex. 1997) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)).

As noted above, while Delmonico may be a resident of Massachusetts who does business, and entered into the relevant contracts, in that state, he has produced only conclusory statements regarding the inconvenience he would suffer if this case was tried in this forum. Defendants have countered with facts that tend to show the convenience of this forum, including the presence of relevant documents and records in Harris County. In sum, in light of the parties' contractual choice of this forum, Delmonico has not met his burden of demonstrating that the case should be transferred for the convenience of the parties under § 1404(a).

States District Court for the District of Massachusetts [Docs. # 7, # 9] is **DENIED.**

This case remains set for an Initial Pretrial and Scheduling Conference on **December 7, 2009 at 2:00 p.m.**

SIGNED at Houston, Texas, this 1st day of **December, 2009.**

_____
Nancy F. Atlas
United States District Judge